1  **UNITED STATES DISTRICT COURT**

2  **DISTRICT OF NEVADA**

3  DINESH PATEL,                                          Case No.: 2:24-cv-00536-APG-EJY

4        Plaintiff                                        **Order Granting in Part Defendants'**
                                                          **Motion to Dismiss and Denying Plaintiff's**
5  v.                                                     **Motion for Judicial Notice**

6  PAL USA, INC. and PALTRONICS                           [ECF Nos. 11, 16]
   AUSTRALASIA, PTY LTD.,
7
        Defendants
8

9        Dinesh Patel sues Pal USA, Inc. and Paltronics Australasia, Pty Ltd. for Lanham Act

10  violations and other claims arising out of a trademark dispute.  Patel is president and owner of

11  BatchTest Corporation, a California company that designs and sells software used in a variety of

12  business technologies, including point-of-sale (POS) systems. ECF No. 1 at 2, 4.  Through an

13  assignment from BatchTest, Patel owns two trademarks for software marketed under the mark

14  "PEBBLES" and has applications with the United States Patent and Trademark Office (USPTO)

15  for additional trademarks for "PEBBLE." *Id.* at 5-9.  Paltronics is an Australian software

16  company. *Id.* at 4.  Pal USA is a Nevada corporation and fully owned subsidiary of Paltronics.

17  *Id.* at 4.  Pal USA has attempted to register several marks such as "PEBBLE" and "PEBBLE

18  POS" for use in software and business applications. *Id.* at 11-13.  Patel has contested these

19  applications with the USPTO, arguing they infringe on his marks. *Id.* at 14, 17.  Pal USA also

20  registered the internet domain PEBBLEPOS.COM, which automatically redirects visitors to Pal

21  USA's website. *Id.* at 14-15.  Patel asserts that his marks are senior and the defendants' use of

22  similar marks on similar products infringe his trademark rights. ECF No. 1 at 22.  After

23  unsuccessful attempts to resolve the dispute, Patel filed this lawsuit. *Id.* at 23.

1    Paltronics moves to dismiss for insufficient service of process, lack of personal

2  jurisdiction, and failure to state a claim.  Pal USA moves to dismiss only Patel's claims for

3  unjust enrichment and cybersquatting.  Patel responds that service was proper, Paltronics is

4  subject to personal jurisdiction and liability because Pal USA is its alter ego, and he has properly

5  pleaded his claims.  Patel also requests that I take judicial notice of several exhibits.  For the

6  reasons below, I grant Paltronics's motion to dismiss, deny Pal USA's motion to dismiss, and

7  deny Patel's motion for judicial notice.  I grant Patel leave to amend and additional time to

8  properly serve Paltronics.

9  **I.  DISCUSSION**

10   **A.  Judicial Notice**

11    Patel moves for me to take judicial notice of several exhibits attached to his complaint

12  and response.  These exhibits include Pal USA's incorporation records with the Nevada

13  Secretary of State and archived internet screenshots of Pal USA's website at various points in

14  time.  The defendants argue that I should deny the motion because there is no need to take

15  judicial notice of Pal USA's business registration now that it has accepted service, and because

16  they dispute the accuracy of the archived internet sources.

17    Federal Rule of Evidence 201(b) allows me to judicially notice "a fact that is not subject

18  to reasonable dispute" because it either "(1) is generally known within the trial court's territorial

19  jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

20  reasonably be questioned."  Because the defendants contest the accuracy of these sources, I elect

21  not take judicial notice of them at this time.  But I will consider Patel's exhibits for the limited

22  purpose of determining whether Paltronics is subject to personal jurisdiction.  I therefore deny

23  Patel's motion for judicial notice.

1

**B. Service of Process**

2        Patel hired a process server to deliver the complaint and summons at Pal USA's

3   registered address in Las Vegas, Nevada, where the server left the complaint with a receptionist.

4   ECF Nos. 9; 10.  According to Terri Cooper, who is Pal USA's president and registered agent for

5   service of process, as well as Paltronics's CEO, the receptionist works for a third-party company

6   that manages the cooperative workplace containing Pal USA's office, and the receptionist is not

7   authorized to accept service on behalf of either Pal USA or Paltronics. ECF Nos. 11-1 at 1-2; 16-

8   1 at 5-6.  Patel later mailed a copy of the complaint and summons to Pal USA's Nevada address

9   as well. ECF No. 19 at 1.

10       Both Pal USA and Paltronics argue that Patel's service of a nonemployee receptionist

11  was insufficient service of process under Federal Rule of Civil Procedure 4.  Pal USA concedes,

12  however, that Patel properly served it under Rule 4(h)(1)(B) when Patel also mailed a copy of

13  the complaint on May 14, 2024 to the office that Pal USA registered with the Nevada Secretary

14  of State. ECF No. 19 at 1-2.[1]  I therefore deny as moot the motion to dismiss for improper

15  service as to Pal USA.

16       But Paltronics maintains that service on its subsidiary is insufficient to serve it, and Patel

17  must comply with the Hague Convention on Service Abroad.  Patel responds that his service on

18  Pal USA, of which Cooper is the President and registered agent for service, is effectively service

19  on Paltronics because Cooper is also the CEO of Paltronics, and she was present and available

20  for service in Nevada.

21

22  [1] Patel argues that the defendants' motion to dismiss is untimely because he properly served Pal
    USA when his process server left the complaint with the receptionist on April 23.  He cites to my
23  May 15 minute order setting the briefing schedule to argue that the defendants' motion to
    dismiss was untimely.  The motion to dismiss, however, was filed on May 14, which would be
    timely even if service was proper on April 23. *See* ECF No. 11.

1    A corporation must be served in the United States either in the same manner as serving an

2  individual, or "by delivering a copy of the summons and of the complaint to an officer, a

3  managing or general agent, or any other agent authorized by appointment or by law to receive

4  service of process and—if the agent is one authorized by statute and the statute so requires—by

5  also mailing a copy of each to the defendant." Fed R. Civ. P. 4(h)(1).  A corporation not within

6  the United States must be served "in any manner prescribed by Rule 4(f) for serving an

7  individual, except personal delivery." Fed. R. Civ. P. 4(h)(2).  An individual in a foreign country

8  may be served "by any internationally agreed means of service that is reasonably calculated to

9  give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial

10  and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).

11    Patel argues that he satisfied Rule 4(h)(1)(B) by serving Pal USA and, by extension,

12  Cooper.  Cooper is Paltronics's CEO so, Patel argues, he has served an officer of Paltronics.  But

13  Patel did not serve Cooper individually, he served the address listed for Pal USA's registered

14  agent.  And although Cooper is Pal USA's registered agent, she is not Paltronics's registered

15  agent in the United States.  Patel argues that *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486

16  U.S. 694 (1988) held that a party could serve a foreign company through its domestic subsidiary

17  or agent.  But that case applied the Illinois long-arm statute, which allowed service on a domestic

18  subsidiary without sending documents abroad. *Id.* at 706.  Nevada's long-arm statute does not

19  have a similar provision. *See* Nev. Rev. Stat. § 14.065.  Patel must thus comply with the

20  international requirements for serving Paltronics in Australia under Rule 4(f)(1).

21    Patel has not sufficiently served Paltronics.  I therefore grant Paltronics's motion to

22  dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

23

4

1   However, I grant Patel additional time to serve Paltronics.  Because I am granting Patel

2   additional time to serve Paltronics, I address Paltronics's other arguments for dismissal.

3       **C.  Personal Jurisdiction**

4       Paltronics moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) because

5   it is neither incorporated nor headquartered in Nevada, and because the complaint does not allege

6   Paltronics has sufficient contacts with Nevada.  Patel responds that Paltronics is subject to

7   general jurisdiction because Pal USA is Paltronics's alter ego, and because Paltronics is engaged

8   in business in Nevada through its subsidiary.

9       "When no federal statute governs personal jurisdiction, the district court applies the law

10  of the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Nevada's long-

11  arm statute is co-extensive with federal standards, so I may exercise personal jurisdiction if

12  doing so comports with federal constitutional due process. Nev. Rev. Stat. § 14.065(1); *Walden*

13  *v. Fiore*, 571 U.S. 277, 283 (2014).  "There are two forms of personal jurisdiction that a forum

14  state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."

15  *Boschetto*, 539 F.3d at 1016.

16          1.  General Jurisdiction

17      General jurisdiction over a foreign corporation is proper only when the corporation's

18  affiliations with the State "are so continuous and systematic as to render them essentially at

19  home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (simplified).

20  Outside of exceptional cases, a corporation is at home where it is incorporated or has its principal

21  place of business. *Ford Motor Co. v. Mont. Eighth Jud. Ct.*, 592 U.S. 351, 359 (2021).

22  Paltronics is both incorporated and headquartered in Australia.  The complaint does not describe

23  Paltronics acting in Nevada other than owning its subsidiary, Pal USA.

To overcome this fact, Patel argues that Pal USA is Paltronics's alter ego. If Patel can establish this alter ego relationship, it may justify conferring personal jurisdiction over the parent company through the subsidiary. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996). To satisfy the alter ego test, Patel "must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (simplified). The first prong of this test requires Patel to show that Paltronics controls Pal USA "to such a degree as to render the latter the mere instrumentality of the former." *Id.* (quotation omitted).

Patel has not alleged a prima facie case that Pal USA is Paltronics's alter ego. Patel argues that Pal USA is Paltronics's fully owned subsidiary, Cooper and others serve as officers in both companies, Cooper appears to be the only Pal USA employee in the United States, Pal USA's website links to an Australian gambling assistance page, Paltronics's website boasts about use of its products in Las Vegas, and both Pal USA and Paltronics hired the same Australian company to design their websites. These facts are insufficient. "[I]t is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts." *United States v. Bestfoods*, 524 U.S. 51, 69 (1998) (quotation omitted). And Patel does not plausibly allege that Pal USA is undercapitalized, that the two entities do not keep adequate records, that they do not observe corporate formalities, or that Paltronics freely transfers Pal USA's assets, "all of which would be signs of a sham corporate veil." *Ranza*, 793 F.3d at 1074.

Because Patel has not demonstrated a sufficient "unity of interest and ownership," I need not examine the "fraud or injustice" prong of the alter ego analysis. *Id.* at 1075 n.9. Patel has not

1  established that Pal USA is the alter ego of Paltronics, so he cannot sue Paltronics in Nevada

2  under general jurisdiction.

3                              2.  Specific Jurisdiction

4        Specific jurisdiction depends on an "activity or an occurrence that takes place in the

5  forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires*

6  *Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  In contrast with general jurisdiction,

7  "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the

8  very controversy that establishes jurisdiction." *Id.* (quotation omitted).  "For a court to exercise

9  personal jurisdiction over a nonresident defendant, that defendant must have at least minimum

10  contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional

11  notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

12  797, 801 (9th Cir. 2004) (quotation omitted).  I apply a three-prong test to determine whether

13  specific jurisdiction exists: (1) the defendant "must have performed some act or consummated

14  some transaction with the forum by which it purposefully availed itself of the privilege of

15  conducting business" in the forum state; (2) the plaintiff's claims "must arise out of or result

16  from [those] forum-related activities; and (3) the exercise of jurisdiction must be reasonable."

17  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

18        "Purposeful availment requires that the defendant engage in some form of affirmative

19  conduct allowing or promoting the transaction of business within the forum state." *Doe v. Am.*

20  *Nat. Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997) (quotation omitted).  "Due process requires

21  that a defendant be haled into court in a forum State based on his own affiliation with the State,

22  not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other

23

persons affiliated with the state." *Walden*, 571 U.S. at 286 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Paltronics lacks the minimum contacts necessary for personal jurisdiction over it.  Patel provides various internet screenshots that he claims support specific jurisdiction:

(1) an online market describes Paltronics as the developer of a Pebble POS software but links to Pal USA's website to purchase the software,

(2) Paltronics's website links to Australian media coverage of its casino products and to the Pal USA website,

(3) Pal USA's website has a link for an Australian gambling addiction help website, and

(4) both Pal USA and Paltronics used the same web developer for their websites.

These activities are all consistent with a foreign corporation owning a domestic subsidiary, but none of the allegations in the complaint describes Paltronics, rather than its subsidiary Pal USA, marketing or selling any products in Nevada.  The allegedly infringing products are all sold by Pal USA, which has applied for U.S. trademarks, and Patel acknowledges that Paltronics does not own any foreign trademark applications under "PEBBLE" or "PEBBLES." ECF No. 1 at 23. "[T]he fact that a parent company is closely associated with a subsidiary that itself has minimum contacts is insufficient to establish personal jurisdiction." *Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 835 (9th Cir. 2024) (quotation omitted).

Patel has not plausibly alleged either general jurisdiction through an alter ego theory or specific jurisdiction through Paltronics purposefully availing itself of Nevada law.  I therefore grant Paltronics's motion to dismiss for lack of personal jurisdiction.  I grant Patel leave to amend his complaint if he can allege additional facts to establish personal jurisdiction over Paltronics in this case.

1     **D. Failure to State a Claim**

2         In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I take

3    all well-pleaded allegations of material fact as true and construe the allegations in a light most

4    favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir.

5    2017). However, I do not assume the truth of legal conclusions merely because they are cast in

6    the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th

7    Cir. 2017). A plaintiff must also make sufficient factual allegations to establish a plausible

8    entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially

9    plausible when the complaint alleges facts that allow the court to draw a reasonable inference

10   that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

11   (2009). When the claims have not crossed the line from conceivable to plausible, the complaint

12   must be dismissed. *Twombly*, 550 U.S. at 570.

13                1. Paltronics

14        Paltronics argues that the complaint does not attribute any of the infringing behavior to it,

15   only to its subsidiary, Pal USA. Patel responds that the complaint's allegations are against

16   "defendants," which applies to both companies, and that Paltronics is liable through an alter ego

17   theory. As discussed in the personal jurisdiction section above, Patel has not plausibly alleged

18   an alter ego relationship between Paltronics and Pal USA. To the extent he levies his allegations

19   against "defendants" more broadly, his exhibits show the allegedly infringing marks being

20   marketed and sold by Pal USA.[2] I therefore grant Paltronics's motion to dismiss Patel's claims

21

22   _____

[2] *See e.g.*, ECF No. 1 at 127, 132, 137, 141 (trademark applications made under Pal USA); *id.* at
23   150-56 (Pebble POS sold on Pal USA's website); ECF 16-1 at 12 (online market links to Pal
     USA's website for Pebbles products); *id.* at 18 (Paltronics's website links to Pal USA's website
     to sell casino products).

1   against it but grant him leave to amend if he is able to allege facts to support either direct liability

2   against Paltronics or an alter ego theory.

3                  2.  Pal USA

4        Pal USA moves to dismiss only counts five and six against it, which allege unjust

5   enrichment and cybersquatting.  Pal USA does not challenge Patel's other claims as

6   insufficiently pleaded.

7                  i.  *Unjust Enrichment (Claim 5)*

8        Pal USA argues that an unjust enrichment claim that merely restates other claims fails as

9   a matter of law.  Patel responds that his complaint alleges sufficient facts for all of his claims.

10       Unjust enrichment requires Patel to plausibly allege (1) he conferred a benefit on Pal

11  USA, (2) Pal USA appreciated that benefit, (3) Pal USA accepted and retained the benefit, and

12  (4) under the circumstances, it would be inequitable for Pal USA to retain the benefit without

13  payment. *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).  Pal

14  USA argues that unjust enrichment cannot be based on the same facts as a trademark

15  infringement claim, relying on *Gearsource Holdings, LLC v. Google LLC*, No. 18-cv-03812-

16  HSG, 2020 WL 3833258, at *13 (N.D. Cal. July 8, 2020).  In that case, however, the court was

17  applying the rule under California law that an "unjust enrichment claim that restates a trademark

18  infringement claim, without alleging any quasi-contractual relationship, fails as a matter of law."

19  *Id.*  Pal USA has not identified a similar rule in Nevada.  Additionally, Patel is entitled to plead

20  alternative theories of recovery. Fed. R. Civ. P. 8(d); *see also Caldwell v. Compass Ent. Grp.*,

21  LLC, No. 2:12-cv-00458-APG-GWF, 2014 WL 202039, at *5 (D. Nev. Jan. 14, 2014)

22  (acknowledging that parties may plead in the alternative, but denying a portion of the unjust

23

1  enrichment claim based on trademark because plaintiff did not own the trademark).  Thus, I deny

2  Pal USA's motion to dismiss Patel's unjust enrichment claim.

3                    *ii.  Cybersquatting (Claim 6)*

4         Pal USA argues that Patel has not alleged any facts to plausibly support a claim of

5  cybersquatting.  The Anticybersquatting Consumer Protection Act (ACPA) prohibits registering

6  internet domain names that are identical or confusingly similar to registered service marks and

7  trademarks. *See* 15 U.S.C. § 1125(d)(1).  To bring a claim under the ACPA, Patel must plausibly

8  allege (1) Pal USA registered a domain name, (2) that was identical or confusingly similar to a

9  mark that was distinctive at the time of registration, and (3) bad faith intent at the time of

10 registration. *Id.*; *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1030 (9th Cir. 2011).

11        Here, Patel alleges that Pal USA registered the domain name for "PEBBLEPOS.COM."

12 ECF No. 1 at 29.  He alleges that this domain name is confusingly similar to his distinctive

13 PEBBLES mark, and that Patel used the distinctive mark prior to Pal USA's registration of the

14 domain. *Id.* at 29-30.  He also alleges that the defendants use the website to advertise similar

15 goods and services, and that prior to the defendants applying for a trademark they were aware of

16 Patel's PEBBLE-branded goods and services. *Id.* at 13, 29-30.  And Patel alleges that

17 PEBBLEPOS.COM automatically redirects visitors to Pal USA's website where it sells similarly

18 branded products. *Id.* at 15.  Bad faith intent at the time of registration is reasonably inferred

19 from the complaint's allegations that Pal USA's "actions were and are willful, knowing, and

20 intended to cause confusion, to cause mistake, or to deceive." *Id.* at 25.  "Malice, intent,

21 knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P.

22 9(b).  Because Patel has plausibly alleged all elements of a cybersquatting claim, I deny Pal

23 USA's motion to dismiss.

1 **II.  CONCLUSION**

2        I THEREFORE ORDER that defendants Paltronics Australasia, Pty Ltd. and Pal USA,

3 Inc.'s motion to dismiss (**ECF No. 11**) **is GRANTED in part**.  I dismiss plaintiff Dinesh Patel's

4 claims against Paltronics Australasia, Pty Ltd. without prejudice.  Plaintiff Dinesh Patel may

5 amend his complaint by December 31, 2024.  He may serve Paltronics Australasia, Pty Ltd.by

6 February 28, 2025.  If Patel does not amend or serve Paltronics Australasia, Pty Ltd. by these

7 dates, this case will proceed with only his claims against Pal USA.

8        I FURTHER ORDER that plaintiff Dinesh Patel's motion to take judicial notice (**ECF**

9 **No. 16**) **is DENIED**.

10        DATED this 2nd day of December, 2024.

11

12        _____
         ANDREW P. GORDON
13        CHIEF UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23