UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DINESH PATEL,<br><br>    Plaintiff,<br><br>v.<br><br>PAL USA, INC., et al.,<br><br>    Defendants. | Case No. 2:24-cv-00536-APG-EJY<br><br>**PROTECTIVE ORDER** |

Based on the status conference held pursuant to ECF No. 44 on July 16, 2025, the Court hereby enters this Protective Order ("Protective Order") as follows:

**1.      DEFINITIONS**

The following definitions apply to this Protective Order:

a.      "Action" means and refers to the above-captioned matter as well as any cases that may be consolidated with the above-captioned matter.

b.      "Confidential Document" means any document that any Designating Party (defined below) designates as "Confidential" or "Confidential – Attorneys' Eyes Only" in the manner set forth in this Protective Order.

c.      "Confidential Information" mean any information not made available to the general public that concerns or relates to trade secret information, proprietary, technical, personnel, business and/or financial information, personal and/or private information, or any other information that any Designating Party believes in good faith should be protected from unrestricted disclosure.

d.      "Designating Party" means any Party or Non-Party designating a document or information in a document as "Confidential" or "Confidential – Attorneys' Eyes Only."

e.      "Legend" means a stamp or similar insignia providing the designation "Confidential" or "Confidential – Attorneys' Eyes Only," or other appropriate term or terms identifying the level of confidentiality of the document.

f.      "Non-Party" means every person or entity not a Party to this Action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise, including but not limited to those who execute and deliver to counsel the "Agreement to Terms of Protective Order," attached as Exhibit A, and every director, officer, and employee of all persons or entities described in this definition.

g.      "Outside Counsel" are limited to counsel of record in this Action, which includes all attorneys of the firms or offices that have appeared in this Action on behalf of a Party, either in person or in writing, which includes those attorneys' support staff, including law clerks and interns. Documents designated "Confidential – Attorneys' Eyes Only" must not be disclosed to a Party, or to any officer, director, employee or agent of a Party, unless otherwise agreed by the Designating Party or Designating Parties in writing prior to any disclosure or as expressly provided in this Protective Order.

h.      "Party" means every Party to this Action and every director, officer, and managing agent of every Party to this Action.

i.      "Receiving Party" means any Party receiving Confidential Documents or Confidential Information of a Designating Party.

j.      When reference is made in this Protective Order to any document or to any Party, the singular includes the plural, and plural includes the singular.

2.      **DESIGNATION OF DOCUMENTS**

a.      **Materials Subject to Designation.** All depositions, originals and copies of transcripts of depositions, exhibits, answers to interrogatories, responses to requests for admission, responses to requests for production of documents and all documents, materials, tangible things and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Document(s)") may be designated by the Party or a Non-Party producing the Information in conformity with the definitions set forth above.

b.      A Designating Party may designate Document(s) as "Confidential" or "Confidential – Attorneys' Eyes Only" by affixing the appropriate Legend to all copies (in all formats) of the

1  Document(s) at the time of production. Except as provided in this Protective Order, the Designating
2  Party must make designations at the time of production or within fourteen (14) days of the entry of
3  this Protective Order, whichever is later.

4        "**Confidential**" – Any Designating Party may designate any Document(s) as "Confidential"
5  that the Designating Party reasonably and in good faith believes contains or refers to information
6  that is confidential to the Party and/or contains information, the unrestricted disclosure of which,
7  would be prejudicial to the business or operations of the Designating Party or would breach any duty
8  of confidentiality owed by the Designating Party, whether created by law, agreement or
9  understanding.

10       "**Confidential – Attorneys' Eyes Only**" – Any Designating Party may designate any
11 Document(s) as "Confidential – Attorneys' Eyes Only" that the Designating Party reasonably and in
12 good faith believes contains, constitutes, reveals, reflects, or refers to information that is considered
13 to be highly sensitive by the Designating Party, including but not limited to confidential trade secret
14 information or financial, proprietary, business, technical, personnel, or personal information that, if
15 disclosed, may cause significant harm to the Designating Party or a third party. Any Document(s)
16 bearing the Legend "Attorney Only" or "Counsel Only" or "Confidential – Counsel Only" (or similar
17 designations) will be treated in the same manner as Document(s) or information designated as
18 "Confidential – Attorneys' Eyes Only" under this Protective Order.

19       If a Receiving Party does not have someone who qualifies to receive a Document designed
20 as "Confidential – Attorneys' Eyes Only" then alternatively, a Designating Party may produce the
21 Document that would otherwise be "Confidential – Attorneys' Eyes Only" by redacting the limited
22 portion of the Document that is considered to be "Confidential – Attorneys' Eyes Only" and
23 producing the redacted Document as either a "Confidential" or non-confidential Document, as
24 appropriate. If a Designating Party chooses to redact a document, it must also produce a log which
25 generally describes the redacted information. This option is without prejudice to the Receiving Party
26 later retaining someone who does qualify to receive the Document as "Confidential – Attorneys'
27 Eyes Only", in which case, the document will be produced, without redactions as a "Confidential –
28 Attorneys' Eyes Only" document to that person. Plaintiff also retains the right to move to compel the

disclosure of information designated as Attorneys' Eyes Only upon determining such information is essential to his case in chief or defense of counter-claims.

c. A Party may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" Document(s) produced by someone else by informing in writing all Parties of the control number or range of the Document(s) within fourteen (14) days of that Party's receipt of the Document(s) or within fourteen (14) days of the entry of this Protective Order, whichever is later.

d. **Manner of Designating Documents**.

i. **Paper Media**. Paper documents produced by a Party or Non-Party may be designated as Confidential Information by marking every page with one of the following Legends (as appropriate): "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

ii. **Non-Paper Media**. Where Confidential Information is produced in a non-paper media (e.g. native files, video tape, audio tape or other electronic media), the appropriate confidentiality designation as described above should be placed on the physical media, if possible, and its container, if any, so as to clearly give notice of the confidentiality designation. A Party producing electronic documents containing Confidential Information in native format shall concurrently provide a list of the native files being produced, which list shall indicate whether each such native file has been designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." To the extent that any Receiving Party prints any native file containing Confidential Information, such printouts will be marked as described above by the Receiving Party.

iii. **Physical Exhibits**. The confidentiality status of a physical exhibit shall be indicated by conspicuously marking the physical exhibit with the appropriate confidentiality designation as described above.

iv. **Original Files**. In the case of original files and records produced for inspection, no marking need be made by the Designating Party in advance of inspection. For the purposes of inspection, all documents produced shall be considered as marked "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting Party, the Designating Party shall, at the time the copies are produced to the Inspecting

Party, mark as "CONFIDENTIAL" OR "CONFIDENTIAL–ATTORNEYS' EYES ONLY" the copies of such documents that contain Confidential Information.

v. **Written Discovery Responses**. In the case of Confidential Information incorporated into answers to interrogatories or requests for admission, an appropriate statement noting that some responses submitted contain a confidentiality designation shall be placed on the first page of the document. Further, prefacing each individual answer or response that contains Confidential Information, the Designating Party shall insert their designation.

vi. **Depositions**. Information disclosed at the deposition of a Party or of one of its current or former officers, directors, employees, agents, contractors or independent experts retained by a Party for purposes of this litigation may be designated by the Party as Confidential Information. The Court Reporter shall designate the transcript or any part thereof "CONFIDENTIAL" OR "CONFIDENTIAL–ATTORNEYS' EYES ONLY." If only parts of the transcript are designated as Confidential Information, those portions of the transcript shall be separately bound and bear the appropriate designation, along with any corresponding exhibits designated "CONFIDENTIAL" OR "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

e. Any Party may designate a deposition or hearing transcript (or any portion of these transcripts or their exhibits) as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (i) making the designation on the record during the deposition or hearing (in which case the stenographer will affix the appropriate Legend to the cover page and all designated pages of the transcript and any copies); or (ii) informing counsel for all other Parties of the designation in writing within fourteen (14) days after receipt of the transcript (in which case any Party in possession of an original or copy of the transcript must affix the appropriate Legend to the cover page and all designated pages and exhibits). During this fourteen (14) day period, any Party in possession of a deposition transcript must treat the transcript as if designated "Confidential – Attorneys' Eyes Only," except that it may be reviewed during those 14 days by the person who was deposed.

f. A Designating Party will have the right to exclude from attendance at a deposition, during any time when "Confidential – Attorneys' Eyes Only" information is going to be or may be disclosed, any person other than the deponent, Outside Counsel of record in this Action (including

5

their staff), in-house counsel of a Party (including their staff), independent experts and consultants retained for this Action that have executed Exhibit A to this Protective Order, the court reporter and videographer (if any).

**3.     PROVISIONS AND LIMITATIONS OF USE**

a.     All Confidential Documents and Confidential Information in this Action must be used by the Receiving Party solely for purposes of the prosecution, defense or settlement of this Action, including, without limitation, discovery, motions, briefs and preparation for the trial, and for no other purpose, except as otherwise stated in this Protective Order. This Protective Order does not necessarily permit the use of Confidential Documents or Confidential Information at trial. At the time of preparing a joint exhibit list, the Parties will fashion an order governing the use of Confidential Documents and Confidential Information at trial, and, if necessary, will bring any disputes to the Court for resolution. The Parties agree that any disclosure, prior to entry of this Order, of documents or information which any Party considers or may consider to be Confidential Documents or Confidential Information shall not be considered a violation of this Order.

b.     "**Confidential**" – Documents or information designated "Confidential" may be viewed only by: (i) Outside Counsel of record in this Action for the Receiving Party; (ii) independent experts and consultants retained for this Action provided they have read this Protective Order and executed Exhibit A to this Protective Order prior to viewing; (iii) general or in-house counsel for a Receiving Party and its staff working on this litigation; (iv) court reporters and videographers; (v) the Court and its officers; (vi) the individually named Parties including personnel of the named Parties with whom Outside Counsel of record in this Action for the named Parties find it necessary to consult, at the discretion of Outside Counsel, in preparation for trial of the Action; (vii) with advance written consent from the Designating Party's counsel, independent non-party witnesses who do not have a business or employment affiliation with the Receiving Party, provided that each independent non-party witness executes Exhibit A to this Protective Order before viewing the "Confidential" documents or information; and (viii) any other person or witnesses whom the Parties agree in writing prior to any disclosure that disclosure is appropriate and who execute Exhibit A to the Protective Order before viewing the "Confidential" documents or information. The recipients of

all Confidential Information shall use such Information only for the purpose of this litigation, and shall not directly or indirectly use such information for any business, financial, promotional or any other purpose. With respect to witnesses or any other persons, the Parties agree that they will reasonably and in good faith confer regarding the need for and appropriateness of the disclosure.

   c. **"Confidential - Attorneys' Eyes Only"** – Documents or information designated "Confidential - Attorneys' Eyes Only" and all information derived therefrom may be viewed only by: (i) Outside Counsel of record in this Action for the Receiving Party; (ii) general or in-house counsel for a Receiving Party and its staff working on this litigation; (iii) independent experts and consultants retained for this Action provided they have read this Protective Order and executed Exhibit A to this Protective Order prior to viewing the "Confidential – Attorneys' Eyes Only" documents or information; (iv) court reporters and videographers for either depositions or court hearings; (v) the Court and its officers; and (vi) any other person or witnesses whom the Parties agree in writing prior to any disclosure that disclosure is appropriate and who execute Exhibit A to this Protective Order prior to viewing the "Confidential – Attorneys' Eyes Only" Document(s) or Confidential Information. Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial, promotional or any other purpose. With respect to witnesses or any other persons, the Parties agree that they will reasonably and in good faith confer regarding the need for and appropriateness of the disclosure.

   d. Other Authorized Persons – Any person indicated on the face of a Confidential Document to be one of its originators, authors or recipients may be shown the Confidential Document.

   e. **No Applicability to Independently Obtained or Public Information.**

No Party shall be bound by this Order as to any information:

  i. That is lawfully obtained independently of this litigation; or

  ii. That is generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

### 4. COPIES

All copies of any Confidential Documents and copies of any documents containing Confidential Information also constitute, and must be treated as, Confidential Documents as provided in this Protective Order. Any person making, or causing to be made, copies of any Confidential Documents or documents containing Confidential Information, must make certain that each copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

### 5. AGREEMENT TO MAINTAIN CONFIDENTIALITY

Unless and until otherwise ordered by the Court or otherwise agreed by the Parties, all documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" must be treated accordingly under this Protective Order.

### 6. OBJECTIONS TO DESIGNATION

Following the receipt of documents marked "Confidential" or "Confidential – Attorneys' Eyes Only," any Party to the Action may object to the designation of the document and seek a modification of the designation. The Party objecting to the designation must notify, in writing, counsel for the Designating Party of the objected-to materials and the grounds for the objection. Before the filing of any request for relief with the Court concerning the objection(s) set forth in the written notice, the Parties must first attempt to resolve the dispute over the designation through good faith negotiations. If the dispute cannot be resolved, the Receiving Party may bring a motion with the Court to have the material in dispute designated or de-designated in accordance with the objection set forth in the Receiving Party's notification letter. The motion also must comply with the applicable sections and rules of the Federal Rules of Civil Procedure, Federal Rules of Evidence, and Local Rules, and comply with any applicable Court orders, including scheduling orders reflecting discovery and motion cut-off dates. If a motion is timely filed by the Receiving Party as set forth herein, then the documents that are subject of the Parties' dispute will continue to be treated in accordance with their designation (either "Confidential" or "Confidential – Attorneys' Eyes Only") while the motion is pending. The fact that a Party fails to object to the designation of any document or other information under this Protective Order: (i) is not an admission that the document

or other information is in fact confidential; (ii) is not admissible into evidence; and/or (iii) will not be the basis for cross-examination or impeachment at any hearing or trial.

7. **FILING CONFIDENTIAL MATERIAL**

a. **Filing Documents with the Court.** Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. Motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also, Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Notwithstanding the foregoing, a party seeking a designation of "Confidential" or "Confidential-Attorneys Eyes Only" retains the obligation to defend such designation.

b. **Use in Court Proceedings.** At trial or upon any motions or other proceedings, subject to the Federal Rules of Evidence or Order of the Court, a Party may use any Confidential Information for any purpose, including introduction into evidence, provided that adequate notice of such use is provided to each Party to obtain appropriate relief, if desired, from the Court.

c. **No Effect on Party's Own Use.** Nothing contained in this Order shall affect the right of a Party to disclose to its officers, directors, employees, partners or consultants or to use as it desires any Confidential Information designated and produced by it as "CONFIDENTIAL" OR "CONFIDENTIAL–ATTORNEYS' EYES ONLY."

8. **NOTIFICATION OF DISCLOSURE**

The Parties, counsel, and each person receiving Confidential Documents or Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If any Confidential Document or Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of

the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) who received the unauthorized disclosure.

### 9. INADVERTENT PRODUCTION OF CONFIDENTIAL DOCUMENTS OR INFORMATION

If a Party, through inadvertence, produces any Confidential Document or Confidential Information without labeling or marking or otherwise designating it in accordance with this Protective Order, the Designating Party shall promptly upon discovery of such disclosure give written notice to the Receiving Party that the document or thing produced is a Confidential Document or Confidential Information, and that the document or thing produced should be treated in accordance with that designation under this Protective Order. The Receiving Party must treat the materials as designated under this Protective Order upon receipt of written notice from the Designating Party.

If the Receiving Party disclosed the materials before receiving the notice from the Designating Party, the Receiving Party must notify the Designating Party in writing of each disclosure and must retrieve or return, as necessary to comply with the terms of this Protective Order, all copies of the disclosed information and confirm in writing to the Designating Party that it has done so. The inadvertent production or disclosure of any Confidential Document or Confidential Information will not in itself constitute a waiver or impairment of any claim of confidentiality, privilege or other protection from discovery. All Parties, however, reserve all rights to challenge the confidential status of the inadvertent production or disclosure.

### 10. DESIGNATION REQUIRED

No Party will be responsible to another Party for disclosure of a Confidential Document or Confidential Information under this Protective Order, or otherwise be found in violation of this Protective Order, if, at the time of the disclosure, the information in question was not labeled or otherwise identified in accordance with this Protective Order.

**11.  EVIDENTIARY OBJECTIONS NOT WAIVED**

Notwithstanding anything to the contrary contained within this Protective Order, all objections as to admissibility of any Confidential Document or Confidential Information are reserved and are not waived by any terms of this Protective Order.

**12.  PRIVILEGE RETAINED**

Nothing in this Protective Order prejudices the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product. No provision of this Protective Order shall create a waiver of any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges under the Federal Rules of Civil Procedure. Nothing in this Paragraph shall prejudice the right of any Party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

**13.  RESERVATION OF RIGHTS AND OBJECTIONS**

The Parties reserve and retain all rights, privileges, and objections to the production of any document or tangible thing as set forth under federal or state law and court authority interpreting the applicable law. The Parties further expressly agree that execution of this Protective Order does not waive any of their rights, privileges, and objections to the production of any document or tangible thing under federal or state law and court authority interpreting the applicable law.

**14.  CONTINUATION OF PROTECTION AFTER DISPOSITION; RETURN OF CONFIDENTIAL INFORMATION**

The termination of proceedings in the Action will not relieve any Receiving Party from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Protective Order, unless all of the Parties to the Action agree otherwise or unless the Court rules otherwise. Upon the final disposition of the Action including any appeals, the Parties will, upon request of the Designating Party, return any Confidential Documents and documents containing Confidential Information (including, in each case, all copies and summaries) to the Designating Party from whom/which Confidential Documents or documents containing Confidential Information were obtained, or may provide to counsel for the

Designating Party certification in writing that all Confidential Documents and documents containing Confidential Information have been destroyed and that this information has been purged from all machine-readable media on which it resides. However, the Parties will be entitled to keep any court filings, attorney work product, deposition transcripts or hearing transcripts, all of which will continue to be governed by this Protective Order. The Court retains and will have continuing jurisdiction over the Parties and recipients of Confidential Documents or Confidential Information for enforcement of this Protective Order following termination of this Action.

### 15. SEPARATE PROTECTIVE ORDER OR MODIFICATION OF THIS PROTECTIVE ORDER

This Protective Order will be without prejudice to the right of the Parties to the Action to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified in this Protective Order. In addition, this Protective Order will not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order. This Protective Order may be modified by written agreement of the Parties subject to Court approval. The Court may modify this Protective Order's terms and conditions for good cause, in the interest of justice or at any time in these proceedings.

### 16. NOTIFICATION BY FACSIMILE/EMAIL

Transmission by facsimile or email is acceptable for the specific notices identified in this Protective Order.

Dated this 20th day of August, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [NAME PRINTED], hereby declare and say as follows:

1. My present address is: _____

2. My present occupation or job description is: _____

3. My present employer is: _____

4. I have received a copy of the Protective Order (the "Protective Order") issued in *Patel v. PAL USA*, Case No. 2:24-cv-00536-APG-EJY, now pending in the United States District Court for the District of Nevada. I have carefully read and understand the provision of the Order.

5. I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use any Confidential Documents or Confidential Information that I receive in this Action (except for the purposes of this Action).

6. No later than the final conclusion of this litigation, I will return all Confidential Documents and/or Confidential Information which has come into my possession, and documents or things which I have read or prepared relating thereto, to counsel of record in this matter for whom I was employed, retained, or otherwise related to in any fashion.

7. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court of the District of Nevada with respect to enforcement of the Protective Order.

8. I understand that any disclosure or use of Confidential Documents or Confidential Information, in any manner contrary to the provisions of the Protective Order, may subject me to sanctions, including, but not limited to, Contempt of Court.

EXECUTED this _____ day of _____, 2025, in the County of _____, State of _____.

I declare under penalty of perjury under the laws of the United States of America and the

State of Nevada that the foregoing is true and correct.

Dated:_____          By:_____
                                           SIGNATURE OF DECLARANT

                                           Print Name:_____